# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>JOE CALVIN NEFF,<br><br>    Defendant<br><br>        v.<br><br>WILLIAM HILL, III, MICHAEL NEEB, BRIAN SNYDER, and JUSTIN STUCKLEY,<br><br>    Intervening Defendants. | CIVIL ACTION NO. 3:04-CV-0087<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Doc. 18) as to its action seeking a declaratory judgment that it is not required to provide coverage, defend or indemnify Defendant Joe Calvin Neff pursuant to Neff's automobile insurance policy as a result of any personal injury or property damage caused by Neff on March 31, 2002. For the reasons stated below, Plaintiff's motion will be granted in part and denied in part. The Court has jurisdiction over this declaratory judgment action, filed under 28 U.S.C. § 2201(a), pursuant to 28 U.S.C. § 1332(a).[1]

---

[1] Pennsylvania law governs this diversity case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

**BACKGROUND**

The facts presented in the summary judgment record, viewed in the light most favorable to the non-moving parties, are as follows.  On March 31, 2002, Defendant Joe Calvin Neff ("Neff") was the owner of a 1996 Mercury Sable insured pursuant to an automobile policy of insurance with Plaintiff under Policy No. 8287-429-38H. (Doc. 20 ¶ 1.)  At approximately 12:30 a.m. on the morning of March 31, 2002, Intervening Defendants William Hill III, Michael Neeb, Brian Snyder and Justin Stuckley, along with Snyder's father, James, arrived at Neff's property in Hill's vehicle, which Hill parked on Route 443, a state road running adjacent to Neff's property. (Doc. 20 ¶ 4.)  Intervening Defendants intended to obtain clothing for Neff's infant niece, Alexandria Fritzinger, who was being watched by Neff's wife because of an argument between Alexandria's parents, Beverly and Scott Fritzinger. (Doc. 20 ¶ 5.)  As Intervening Defendants were walking up Neff's driveway, Neff began driving his vehicle down the driveway. (Doc. 20 ¶ 6.)

Plaintiff contends that, as Neff proceeded down the driveway, at a speed of twenty-five (25) to thirty (30) miles per hour, he struck Michael Neeb causing him to fly onto the hood of the car, ultimately landing on his head. (Doc. 20 ¶ 7.)  Neff then struck Justin Stuckley with his car, made a U-turn on Route 443, and drove back up his driveway chasing William Hill, eventually striking him in his legs. (Doc. 20 ¶ 9.)  Next, Neff struck Brian Snyder and ran over James Snyder's foot. (Doc. 20 ¶ 11.)  Neff then intentionally began to collide with Hill's car, smashing into it seven (7) to eight (8) times. *Id.*  After smashing into Hill's car, Neff drove into his yard and did donuts on his lawn. (Doc. 20 ¶ 12.)  Neff then drove his vehicle back to the top of his driveway and parked. (Doc. 20 ¶ 13.)

Neff's relation of the facts is different from that of Plaintiff.  Neff stated in his deposition that, as he drove down his driveway, he was planning on doing some donuts in the yard in the hope of scaring Intervening Defendants away from his property. (Neff Dep. 79:11-14, June 26, 2003.)  As Neff reached the end of his driveway, he turned right onto Route 443. (Neff Dep. 80:8-12.)  He then saw Hill's vehicle parked along Route 443. (Neff Dep. 80:13-15.)  As Neff passed by Hill's car, he sideswiped it with his own car. (Neff Dep. 81:3-10.)  "[A]t that point . . . it was [Neff's] intent to take [his] car and sideswipe [Hill's] car." (Neff Dep. 81:11-15.)  Neff then drove into his yard and did donuts with his car. (Neff Dep. 80:17-18.)  Neff then drove back towards Hill's car and sideswiped it again. (Neff Dep. 80:18-20.)  Neff turned around and sideswiped Hill's car a third time. (Neff Dep. 80:21-24; 95:22-25.)  Neff also, at some point, put his bumper against Hill's bumper and pressed the accelerator with the intention of moving Hill's car. (Neff Dep. 91:2-10; 92:14-16.)  Neff then drove back into his driveway and parked his car. (Neff Dep. 80:23-24.)  Neff asserts that he was driving around ten (10) miles per hour while performing these maneuvers. (Neff Dep. 86:24-25.)  Additionally, Neff avers that he did not know that he had struck any of the Intervening Defendants with his car until after he had parked his car and was told so by the Fritzingers. (Neff Dep. 102:7-9; 113:2-114:11.)  Importantly, Neff claims that he did not intend to strike anyone with his car, but only to strike Hill's vehicle and do donuts in his yard. (Neff Dep. 82:5-9.)

On January 23, 2003, Neff appeared in the Court of Common Pleas of Carbon County before the Honorable Richard W. Webb. (Doc. 20 ¶ 14.)  Neff pleaded guilty to five counts each of simple assault, *see* 18 PA. CONS. STAT. ANN. § 2701(a)(2), and careless driving, *see* 75 PA. CONS. STAT. ANN. § 3714, and entered a nolo contendere

plea to five counts each of aggravated assault, *see* 18 PA. CONS. STAT. ANN. § 2702(a)(1), and reckless endangering, *see* 18 PA. CONS. STAT. ANN. § 2705.

On August 28, 2003, Plaintiff filed a Declaratory Judgment Action, in the United States District Court for the Eastern District of Pennsylvania, requesting that an order be entered declaring that Plaintiff is not required to provide liability coverage or physical damage coverage to or on behalf of Neff as a result of any personal injury or property damage caused by Neff on March 31, 2002, and enjoining Neff from maintaining any claim for liability coverage or physical damage coverage as a result of any claims or judgments entered or made as it pertains to his automobile insurance policy. (Doc. 1.)  In November, 2003, William Hill, III, Michael Neeb, Brian Snyder and Justin Stuckley, were granted leave to intervene as Defendants in the action. (Docs. 1-12, 1-13 and 1-14.)

Thereafter, on December 11, 2003, this matter was transferred to the United States District Court for the Middle District of Pennsylvania and assigned to this Court. (Doc. 1-19.)  On May 27, 2005, Intervening Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 13), which this Court denied on August 2, 2005 (Doc. 17).  On September 27, 2005, Defendant Neff commenced bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Pennsylvania, case number 05-25846-TMT. (Doc. 22.)  On November 15, 2005, Plaintiff filed a Motion for Summary Judgment (Doc. 18) and Brief in Support (Doc. 19).  Counsel for Intervening Defendants informed the Court of Neff's bankruptcy proceedings in December of 2005. (Docs. 22-24, 27.)  As a result, on December 28, 2005, the Court entered an Order (Doc. 29) staying this case pursuant to the automatic stay provision contained within the Bankruptcy Code. *See* 11 U.S.C. § 362(a).  On July 27, 2006, the Court entered an Order (Doc. 39) lifting

the stay.  On August 16, 2006, Intervening Defendants filed a Brief in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 43).  On November 20, 2006, oral argument was conducted before the Court.

Plaintiff's motion is fully briefed and now ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *See id.* at 248.   An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient

showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

Plaintiff contends that the summary judgment record, even when viewed in the light most favorable to the non-moving parties, evidences that Neff's conduct on March 31, 2002 was intentional. Alternatively, Plaintiff argues that, because Neff pleaded guilty and nolo contendere to various criminal offenses for his actions on March 31, 2002, Neff's intent has been conclusively established. Because, Plaintiff asserts, Neff's conduct was intentional, it has no duty to cover, defend or indemnify Neff pursuant to his automobile insurance policy for personal injury or property damage caused by him on March 31, 2002, because any such injury or damage was not "caused by accident." (Pl.'s Br. 7, 9-10.)

**I. Neff's Automobile Insurance Policy**

The interpretation of an insurance policy is a question of law properly decided by the Court. *Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999); *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983). Principles of insurance policy interpretation are well-settled in Pennsylvania and are governed by the rules of contract interpretation. *See Med. Protective*, 198 F.3d at 103-04; *United Servs. Auto. Ass'n v. Elitzky*, 517 A.2d 982, 986 (Pa. Super. Ct. 1986). "Those principles include the following: (1) the terms of the insurance policy must be given their ordinary meaning; (2) a term is ambiguous only if reasonably intelligent men, on considering it in the context of the entire policy, would honestly differ as to its meaning; and (3) the parties' true intent must be determined not only from the language but from all the circumstances." *State Farm Fire & Cas. Co. v. Bellina*, 264 F. Supp. 2d 198, 202 (E.D. Pa. 2003). "In determining coverage under an insurance contract, the focus is on the reasonable expectations of the insured and any ambiguous provisions in the policy should be construed in favor of the insured." *Id.* at 203.

Under Neff's automobile insurance policy, Plaintiff is required to pay damages which Neff, the insured, becomes legally liable to pay because of: (a) bodily injury to others; and (b) damage to or destruction of property, "caused by accident" resulting from the ownership, maintenance or use of his car. (Doc. 1 at 8.) Neff's policy also calls for Plaintiff to defend any suit brought against him for damages resulting from accident. *Id.*

In Pennsylvania, whether bodily injury or property damage is "caused by accident" must be determined from the perspective of the insured. *State Farm Mut. Auto Ins. Co. v. Martin*, 660 A.2d 66, 67 (Pa. Super. Ct. 1995) (holding that, in case in which the insured intentionally struck his estranged wife with his pick-up truck, insurance company was not

liable to indemnify the insured under policy providing liability coverage for bodily injury and property damage "caused by accident").  "[W]here the cause of injury or death was an act of the insured, the means which caused the result, to be accidental, must be undesigned and unintentional, that accidental injury or death is an unintended and undesigned result arising from acts done, while injury or death by accidental means is a result arising from acts unintentionally done." *Urian v. Equitable Life Assurance Soc'y*, 165 A. 388 (Pa. 1933) (carbon monoxide poisoning death of insured, who had been repairing his automobile in his garage, was accidental, notwithstanding the fact that he started the motor in the closed garage, as it could not reasonably be argued that the only natural, probable and foreseeable result of his intentional acts was the generating of poisonous gas in sufficient quantity to cause his death).  "[A]n insured intends an injury if he desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result." *Elitzky*, 517 A.2d at 989 (holding that insurance company was required to defend the insured against libel action unless the insured made their comments with the specific intent to cause harm).

  Here, viewing the facts contained in the summary judgment record in the light most favorable to the non-moving parties, the Court concludes that the property damage to Neff's and Hill's automobiles was not "caused by accident" as Neff, in his deposition, fully admitted that he specifically intended to sideswipe and smash into Hill's car.  As such, summary judgment is appropriate as to Plaintiff's duty to cover property damage claims arising out of the events that transpired on March 31, 2002.  Conversely, the Court is of the opinion that, based upon Neff's deposition testimony, which the Court must accept as true, a genuine issue of material fact exists as to whether the personal injuries suffered by Intervening Defendants was "caused by accident."  Neff stated in his deposition that

he did not intend to injure anyone and did not know that anyone had been injured by his driving until after he had parked his car.  Based upon this record, the Court cannot conclude that Neff possessed the specific intent to cause Intervening Defendants harm.  Consequently, summary judgment as to the issue of whether Plaintiff owes a duty to cover, defend or indemnify Neff for Intervening Defendants' personal injuries is inappropriate.

## II. Neff's Conviction

"[A] conviction in prior criminal proceedings cannot preclude a victim from litigating the issue of the insured actor's intent where a determination of intent was not essential to the conviction." *State Farm Fire & Cas. Co. v. Dunlavey*, 197 F. Supp. 2d 183, 188 (E.D. Pa. 2001) (citing *Stidham v. Millvale Sportsmen's Club*, 618 A.2d 945 (Pa. Super. Ct. 1992)).  Indeed, "[i]f the criminal proceedings did not establish the extent, if any, of his conscious awareness of the insured's action or the substantial likelihood of the results, the conviction cannot conclusively establish a bar to recovery under the insured's . . . policy." *Id.*

Under Pennsylvania law, a person is guilty of simple assault if he "negligently causes bodily injury to another with a deadly weapon." 18 PA. CONS. STAT. ANN. § 2701(a)(2).  A person is guilty of recklessly endangering another person if he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 PA. CONS. STAT. ANN. § 2705.  A person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to value of human life." 18 PA. CONS. STAT. ANN. § 2702(a)(1).

Intentional conduct is not a necessary element of any of the crimes of which Neff

was convicted.  Rather, each crime may be predicated upon reckless, or even negligent, conduct – conduct which does not bar recovery pursuant to an insured's policy under prevailing Pennsylvania case law. *Dunlavey*, 197 F. Supp. 2d at 188.  Indeed, Neff's simple assault convictions were predicated upon negligence, and his reckless endangerment convictions upon recklessness.  Without a specific finding as to Neff's intent pertaining to his aggravated assault convictions, his intent has not been established by independent evidence in the prior criminal proceedings.[2]  Consequently, Neff's prior convictions do not bar recovery under his insurance policy.  Thus, a genuine issue of material fact remains as to Neff's intent to injure Intervening Defendants.  Summary judgment is therefore inappropriate.

---

[2]As such, this case is readily distinguishable from the case cited by Plaintiff, *State Farm Fire & Casualty Company v. Bellina*, 264 F. Supp. 2d 198 (E.D. Pa. 2003), in which the United States District Court for the Eastern District of Pennsylvania, applying Pennsylvania law, held that a wrongful death complainant was precluded from litigating the issue of the insured actor's intent because that intent was conclusively established when the insured was found guilty of voluntary manslaughter, a conviction which required the jury to find that the insured intended to kill the victim. *See also Stidham*, 618 A.2d at 953 (holding that genuine issue of material fact remained as to insured's intent to shoot and kill victim, even though insured had pleaded guilty to third-degree murder, because intent of insured had not been independently established).

**CONCLUSION**

For the above stated reasons, the Court will: (1) grant summary judgment in favor of Plaintiff as to the issue of whether it owes Neff a duty to cover, defend or indemnify for any property damage caused by him on March 31, 2002; and (2) deny summary judgment as to whether Plaintiff owes Neff a duty to cover, defend or indemnify him as to any personal injury caused by Neff on March 31, 2002.

An appropriate Order will follow.


 November 30, 2006                               /s/ A. Richard Caputo
Date                                             A. Richard Caputo
                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STATE FARM AUTOMOBILE INSURANCE COMPANY,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>JOE CALVIN NEFF,<br><br>　　Defendant<br><br>　　　　v.<br><br>WILLIAM HILL, III, MICHAEL NEEB, BRIAN SNYDER, and JUSTIN STUCKLEY,<br><br>　　Intervening Defendants. | CIVIL ACTION NO. 3:04-CV-0087<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this ___30th___ day of November, 2006, **IT IS HEREBY ORDERED** that:

(1) Plaintiff State Farm Automobile Insurance Company's Motion for Summary Judgment (Doc. 18) is **GRANTED** in part and **DENIED** in part as follows:

　　(a) **GRANTED** as to its duty to cover, defend and indemnify Defendant Joe Calvin Neff pursuant to Neff's automobile insurance policy as a result of any property damage caused by Neff on March 31, 2002;

　　(b) **DENIED** as to its duty to cover, defend and indemnify Defendant Joe Calvin Neff pursuant to Neff's automobile insurance policy as a result of any personal injury caused by Neff on March 31, 2002.

(2) Plaintiff State Farm Automobile Insurance Company does not owe a duty to cover, defend or indemnify Defendant Joe Calvin Neff pursuant to Neff's automobile insurance policy as a result of any property damage caused by Neff on March 31, 2002.

　　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　United States District Judge