IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INS. CO., | : : : | |
| Plaintiff | : : | CIVIL ACTION NO. 3:CV-04-0087 |
| v. | : : | (JUDGE CAPUTO) |
| JOE CALVIN NEFF, ET AL. | : : | |
| Defendants | : | |

**MEMORANDUM**

In this case I am called upon to decide whether or not the personal injuries suffered by Intervening Defendants, William Hill, III, Michael Neeb, Brian Snyder and Justin Stuckley, were "caused by accident" within the meaning of the policy of insurance No. 8287-429-38H issued by the Plaintiff, State Farm Mutual Automobile Insurance Company.

This is a declaratory judgment action, and subsequent to the grant of summary judgment in favor of the Plaintiff as to the property damage claims to Neff's and Hill's automobiles on the basis the damage was not "caused by accident", a trial was held February 26, 2007 on the issue of whether the personal injuries occurring at the same time as the property damage were "caused by accident".

The findings of facts and conclusions of law are not set forth separately but appear in this Memorandum. Because the Court finds that the personal injuries suffered by the Intervening Defendants were not "caused by accident", but were intentional, the verdict will be in favor of the Plaintiff.

## DISCUSSION

The law applicable to this case has been discussed previously in the Memorandum of November 30, 2006. It is as follows.

The interpretation of an insurance policy is a question of law properly decided by the Court. *Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999); *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983). Principles of insurance policy interpretation are well-settled in Pennsylvania, and are governed by the rules of contract interpretation. *See Med. Protective*, 198 F.3d at 103-04; *United Servs. Auto. Ass'n v. Elitzky*, 517 A.2d 982, 986 (Pa. Super. Ct. 1986). "Those principles include the following: (1) the terms of the insurance policy must be given their ordinary meaning; (2) a term is ambiguous only if reasonably intelligent men, on considering it in the context of the entire policy, would honestly differ as to its meaning; and (3) the parties' true intent must be determined not only from the language but from all the circumstances." *State Farm Fire & Cas. Co. v. Bellina*, 264 F. Supp. 2d 198, 202 (E.D. Pa. 2003). "In determining coverage under an insurance contract, the focus is on the reasonable expectations of the insured and any ambiguous provisions in the policy should be construed in favor of the insured." *Id.* at 203.

Under Neff's automobile insurance policy, Plaintiff is required to pay damages which Neff, the insured, becomes legally liable to pay because of: (a) bodily injury to others; and (b) damage to or destruction of property "caused by accident" resulting from the ownership, maintenance or use of his car. (Doc. 1 at 8.)  Neff's policy also calls for Plaintiff to defend any suit brought against him for damages resulting from accident. *Id.*

In Pennsylvania, whether bodily injury or property damage is "caused by accident" must be determined from the perspective of the insured. *State Farm Mut. Auto Ins. Co. v. Martin*, 660 A.2d 66, 67 (Pa. Super. Ct. 1995) (holding that, in case in which the insured intentionally struck his estranged wife with his pick-up truck, insurance company was not liable to indemnify the insured under policy providing liability coverage for bodily injury and property damage "caused by accident"). "[W]here the cause of injury or death was an act of the insured, the means which caused the result, to be accidental, must be undesigned and unintentional, that accidental injury or death is an unintended and undesigned result arising from acts done, while injury or death by accidental means is a result arising from acts unintentionally done." *Urian v. Equitable Life Assurance Soc'y*, 165 A. 388 (Pa. 1933) (carbon monoxide poisoning death of insured, who had been repairing his automobile in his garage, was accidental, notwithstanding the fact that he started the motor in the closed garage, as it could not reasonably be argued that the only natural, probable and foreseeable result of his intentional acts was the generating of poisonous gas in sufficient quantity to cause his death). "[A]n insured intends an injury if he desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result." *Elitzky*, 517 A.2d at 989 (holding that insurance company was required to defend the insured against libel action unless the insured made their comments with the specific intent to cause harm).

Applying the foregoing law to the facts as the Court finds them in this case leads to the conclusion that Mr. Neff's actions in striking each of the Intervening Defendants was intentional, and not accidental.

3

### A.  Michael Neeb

Mr. Neeb testified that his prior statements were accurate. He was in the middle of Neff's driveway when struck by the Neff vehicle traveling at 25 mph and while he was directly in the beam of the headlights. He was thrown into the air. He saw Brian Snyder being chased by Mr. Neff in his vehicle and he, Michael Neeb, was scared for everyone's life and was crying as a result of the fear and pain he suffered.

### B.  Justin Stuckley

He testified his prior statements were accurate. The headlights of the Neff vehicle were on and he was hit causing him to land on the hood and then he "flew off" the side of the Neff car. After he was struck, Mr. Neff put his car in reverse and Mr. Stuckley was almost run over again. It was apparent from his testimony that Mr. Neff was chasing some or all of the Intervening Defendants with his vehicle trying to hit them.

### C.  William Hill

He testified his prior statements were accurate. The Neff car came directly at him while he was standing in the beam of the headlights. The car was going 25-30 mph when it hit him. He weighed 360 pounds at the time and went into the air when he was struck.

### D.  Brian Snyder

He testified all his prior statements were accurate. He was scared for his life and considered the incident life threatening. He was chased into the yard by Mr. Neff in his vehicle and was struck with enough force to send him airborne at a time when his six foot frame carried 285 pounds. At the time, he was running to avoid being hit by the Neff vehicle.

## CONCLUSION

It is apparent Mr. Neff was on somewhat of a rampage striking cars and people while displaying conduct which was clearly intentional.  I therefore find that the personal injuries suffered by the Intervening Defendants were not "caused by accident" within the meaning of the policy.  The verdict will be for the Plaintiff, and against all Defendants.

**NOW, THEREFORE**, this 7th day of August, 2007, **IT IS HEREBY ORDERED THAT** judgment is entered in favor of the Plaintiff under the Declaratory Judgment Act declaring that the injuries sustained by the Defendant and the Intervening Defendants were not caused by an accident within the meaning of Policy No. 8287-429-38H issued by Plaintiff to Defendant Joe Calvin Neff.  Each party shall pay their own costs.

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge